**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jatiya Williams and Terrence Gindhart, Defendants,

and

Christian Bishop and Heather Bishop, Intervening
Parties,

Of whom Jatiya Williams is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2024-000845

———————

Appeal From Richland County
A. E. Morehead, III, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-020
Submitted January 17, 2025 – Filed January 24, 2025

———————

**AFFIRMED**

———————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Drake Hunter Kaiser, of Reddick & Kaiser, LLC, of Columbia, as the Guardian ad Litem for Appellant.

Becky M. Farmer, of South Carolina Department of Social Services, of Columbia, for Respondent.

Emily Turner Looney, of Northeast New Jersey Legal Services, of Paterson, New Jersey, for Guardian ad Litem Gayle Ricks.

Almand James Barron, of The Law Offices Of Shea And Barron, of Columbia, as the Guardian ad Litem for the minor child.

---

**PER CURIAM:** Jatiya Williams appeals the family court's removal order finding she physically abused her minor child (Child), authorizing the Department of Social Services to forego reasonable efforts to reunify her with Child, and approving a permanent plan of adoption. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing a child from the custody of a parent); S.C. Code Ann. § 63-7-1640(C)(6) (Supp. 2024) ("The family court may authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family . . . when the family court determines . . . the parental rights of the parent to another child of the parent have been terminated involuntarily."); S.C. Code Ann. § 63-7-1700(C) (Supp. 2024) ("At the permanency planning hearing, the court shall approve a plan for achieving permanence for the child . . . . [A] pending termination of parental rights action may be consolidated with a contested permanency planning hearing."). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Williams's counsel.

**AFFIRMED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.